## Lynch *et al. v.* Commissioners of the Sinking Fund.

All promissory. notes are made joint and several by statute, and in an action against several makers, the plaintiff may discontinue as to some parties, and take his judgment against others.

It is regular to take judgment by default against some of the defendants, and by verdict against others in the same action.

The endorsement on the writ, required by the statute, shows only the cause of action, and the damages recovered may exceed the amount claimed by the endorsement, if not greater than the damages laid in the declaration.

ERROR from the circuit court of the county of Hinds.

On the 6th day of March, 1837, a *capias ad respondendum* issued from the circuit court of Hinds county, wherein Wilkins and others, commissioners of the sinking fund of the state of Mississippi, were plaintiffs; and Plummer, Lynch, and Puckett, were defendants, in an action on the case, founded on "defendants' promissory note for $10,000, dated the 6th July, 1835, and payable to the plaintiffs twelve months after date thereof, with interest at the rate of 10 per cent. per annum from date until paid," returnable to the May term, 1837, of the circuit court of Hinds county. In addition to the foregoing recital, the following words appear in the endorsement on the original writ, to wit: "and is to recover $5000, the amount loaned on said note." Duplicate writs issued, one to the sheriff of Hinds, and the other to the sheriff of Rankin county. The sheriff of Hinds returned, "executed on Lynch; Plummer not found," and made no return as to Pucket. The sheriff of Rankin returned on the writ directed to him, "received the 5th day of April, 1837, and *executed* the 7th. (Signed) Wright Fore, sheriff."

At the return term, Lynch appeared and plead non-assumpsit, and judgment by default was taken against Pucket for the full amount of the note and interest; and at the same time "came the plaintiff, by attorney, and dismisses as to Plummer. It appears by the record, that the judgment by default against Pucket was

32*

made final, that execution issued thereon to Rankin county—that Pucket sued out a writ of error, and procured a reversal of said judgment against him.   It further appears that at the May term, 1839, of said circuit court, Pucket was again called and made default, and judgment by default was taken, and made final against him for $6489 59, and at the same term the issue on the plea of non-assumpsit as to Lynch was tried, and a verdict and judgment rendered for the same amount and costs.   It further appears, by a bill of exceptions embodied in the record, that the record of the proceedings had in the writ of error case aforesaid was read; that the court permitted the sheriff "to amend his return, and make the return on the writ as to Plummer, there being no return as to said Plummer, on the writ heretofore," to all which the defendant, Lynch, by his counsel, excepted.   Execution issued against Lynch and Pucket according to the last judgments, which was superceded by a writ of error to this court.

The following errors are assigned by plaintiffs in error:

1st.  The writ directed to the sheriff of Rankin, having been executed on all the defendants, it was error to dismiss, as to Plummer, (the principal,) and proceed to judgment, against Lynch and Pucket.

2d.  In an action of assumpsit, it is error to dismiss against one of several joint promissors on whom process has been executed, and proceed against the others.   It was therefore error to proceed against the plaintiffs in error after having dismissed as against the original defendant, Plummer.

3d. The sum claimed by the endorsement on the writ is only $5000.   The judgments severally exceed that sum, and this is error.

4th.  The action was instituted jointly against three, the suit is dismissed as to one, and several judgments against the others.  It was error to give one judgment against Pucket, and another against Lynch.

5th.  The court erred in each and every opinion excepted to by the defendants.

There was nothing in the record showing that Plummer was the principal in the note, and Lynch and Pucket, mere securities.

Mayes for plaintiffs in error.

It is contended by the plaintiffs in error, that it was error to dismiss as to Plummer, and proceed against them. Two writs issued. That directed to the sheriff of Hinds, is returned not found as to Plummer, but that directed to the sheriff of Rankin, is returned executed generally, embracing as well Plummer as the other defendants. By statute, the plaintiff may, where his process is returned not found, as to one or more of the defendants, dismiss as to them, and proceed against those, on whom process is executed. But if process is executed upon all, the case remains as at common law. By the rules of the common law in actions *ex contractu,* the plaintiff must recover against all the defendants or against none, 1 Chitty, 50; 1 Howard's Rep. 129; Jones *et al. v.* McGahey.

In Jones *v.* McGahey, the plaintiff declared against five defendants. Plea *non assumpsit,* jury, and verdict against four of the defendants, and for the fifth, judgment accordingly. This judgment against the four was reversed, because the plaintiffs had declared against a fifth, and must recover against all or none.

If in that case the plaintiff had dismissed, as to the fifth, it would have been in every respect the present case. It is no where to be found, that the operation of the rule may be avoided, by dismissing as to those defendants, who have been improperly joined. If it was allowed, the rule would be fruitless, for so soon as the plaintiff discovered that he had joined a defendant improperly, and as to whom his proof failed, he would dismiss as to him, and proceed with the case against the others. The well settled law is, that he must in such case fail, as to all.

2. It is well settled in England, that the judgment cannot exceed the damages laid in the declaration, and why? Because the party, by laying his damages at a particular sum, in effect declares that he claims that sum; *Droit ne done pluis que soit demande.* The law gives not more than is demanded, is the maxim, 2 Institutes, 286. The Legislature of Mississippi have required, that the party endorse on the writ, the sum actually claimed or demanded. The plaintiffs here have endorsed that the action is brought to recover $5000, yet the judgment is for $6489 59, against each defendant severally. For the same reason

that a recovery was at common law limited by the amount of damages laid in the declaration, that being the amount claimed, should the recovery here be limited to $5000, that being the sum for the recovery of which the action was brought.   See Robinett *v.* Morris' Administrator, Hardin's Rep. 93; Bush *v.* Dyke, 6 Monroe, 142.   Again, it appears by the endorsement that only $5000 was lent, and a note taken for $10,000.   *This is* on its face usurious, and only the $5000 can be recovered.

3.  In a joint action, there cannot be several judgments, but here in a joint action against three, and process executed upon all, the suit is dismissed, as to one, and a judgment by default entered for $6489 59, and cost of suit against a second, and a distinct several judgment on a verdict against the third for $6489 59, and costs of suit.   After the default by one, and the decision of the issue, against the other, if on the state of the record, there could have been a judgment for plaintiffs, it should have been a joint judgment against each.   It is not to be expected, that a case will be here cited, as it is probable, that this is the first case ever presented, in which a several judgment has been entered in a joint action.

4.  The points reserved in the bill of exceptions are respectfully submitted, without remark.

W. Yerger, for defendants.

The only errors assigned in this cause which I desire to notice, are that the plaintiffs below dismissed as to one, took judgment by default *as to* another, and had a jury verdict and judgment against the third.   It has been decided in the case of Peyton & Halliday *v.* Scott, that this is no ground of error.   2 Howard, 870.

Mitchell, on the same side.

Mr. Justice Turner stated the case and delivered the opinion of the court.

It does not clearly appear that the original process was served on Plummer; and something is said in the record about leave being given to the sheriff to amend his return as to him.   But there is nothing definite in relation to this amendment.   The plaintiffs below distinctly dismissed their action as to Plummer.

This case raises the question again, whether on a joint bond or

[Lynch *et al. v.* Commissioners of the Sinking Fund.]

note, the plaintiff must proceed *jointly* against the makers. The act of 10th February, 1807, found in Toulmin's Digest, p. 104, copied in Turner's Digest, page 134—143, contains this section, being section xv. (Dig. p. 137.) "Every joint bond, covenant, bill or promissory note, shall be deemed and construed to have the same effect in law, as a joint and several bond, covenant, bill or promissory note; and it shall be lawful to sue out process, and proceed to judgment against any one of the obligors, covenantors, or drawers of such bond, covenant, bill or promissory note, in the same manner as if the same were joint and several, any law or usage to the contrary notwithstanding." The same act has been re-enacted in Poindexter's Code, and is found in page 578, of Howard & Hutchinson's Code, and has never been repealed.

This case is embraced by the act of 1837, requiring all parties to bills of exchange and promissory notes, to be sued in a joint action.

It will be perceived that this case is not of the character of that which was decided by this court, 1 Howard, 129, Jones *et al. v.* McGahey. That was an action of assumpsit upon an *open account.* It was not brought on a "bond, covenant, bill or promissory note," and was decided according to the principles of the common law.

The case reported in 2 Howard, 870, settles principles applicable to, and strictly in point in the present case. In that case, the suit was commenced in 1836, on a joint and several note against four defendants, two of whom pleaded *non assumpsit,* one suffered judgment to pass by default, and as to the other, a *nolle prosequi* was entered. The Chief Justice, in delivering the opinion of this court, remarks, that there can be no reason why the plaintiff may not discontinue as to part of the defendants, after suit brought. This having been the constant practice in this state, and being one of convenience and utility in promoting the ends of justice, should not be interrupted, unless repugnant to some known principle of law. He further remarks, that, in this state, every joint bond, bill, covenant and promissory note, is made joint and several, and of course the rule must apply, whether the note was made joint or several on its face or not. The Chief Justice further says, that "another ground taken for reversing the judgment is, that the court improperly rendered two judgments, one *v.* Harris

on his default, and the other *v.* Peyton and Halliday on verdict, (precisely the case here.) That the state of the pleadings justified separate judgments. The plaintiff has sustained his action against all the parties, and one of the judgments is on verdict, and the other on default, and is not error."

We consider the practice well settled on this branch of the subject, and see no reason for changing it.

The second error assigned is answered above. It is true this is an action of assumpsit, but it is assumpsit on a joint note, made joint and several by the statute law of the state, ever since the year 1807.

The fourth error assigned, is also answered above, and by the case in 2 Howard's Rep. 870.

The third error is that the sum claimed by the endorsement on the writ is $5000, and because the judgment exceeds that sum, it is error. The counsel for the plaintiffs in error say that a party can never recover more than he demands. It is a sufficient answer to this, to state that the damages laid in the plaintiffs' declaration, are ten thousand dollars. The endorsement on the writ, shows the cause of action; and the law does not require any notice to be taken in that part of the record, of the interest or damages, which may be recovered. Interest is but an incident, and makes no part of the principal until reduced to a judgment. It then becomes principal, and will bear interest. But the endorsement on the writ, expressly states, that the note sued on calls for 10 per cent. interest.

The question of usury was not raised on the trial in the court below. There is nothing appearing to the court to show that the contract sued on is usurious. The plaintiffs at law held the defendants' note, given for part of the sinking fund of the state. The laws of the state allowed the loan of that fund, and prescribed the interest. And it is not unusual, when a person offers a note for discount, to receive only part of the sum proposed to be borrowed. The true amount discounted is noted, and the note retained, without putting parties to the trouble of making a new note. This matter seems not to have been questioned in the court below.

The fifth assignment of error, is covered by what has been already said.

Let the judgment of the court below be affirmed.